STILLMAN LEGAL PC
LINA STILLMAN
42 Broadway, 12th Floor
New York, New York 10004
www.StillmanLegalPC.com
212-832-1000
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------X

Maryori Parra

     *Plaintiff,*

 -against-

ESKO DELI CORP. (DBA Angelo's Deli Restaurant),
Angel Gillan and Dina E. Hernandez

     *Defendants.*

------------------------------------------X

**ACTION UNDER 29 U.S.C.§ 216(b)**

**COMPLAINT**

 Plaintiff Maryori Parra individually, by and through her attorneys, Stillman Legal PC., allege upon their knowledge and belief, and as against ESKO DELI CORP. (DBA Angelo's Deli Restaurant) (together, hereinafter "ESKO DELI CORP." or "Defendant Corporation") Angel Gillan and Dina E. Hernandez ("Individual Defendants") collectively with Defendant Corporations, "Defendants"), allege as follows:

### NATURE OF THE ACTION

 1) Plaintiff was an employee of Defendants ESKO DELI CORP. (DBA Angelo's Deli Restaurant) Angel Gillan and Dina E. Hernandez. Defendants own, operate or control a restaurant with headquarters at 5000 Grand Ave Ste 13 Maspeth, NY 11378, under the name "Angelo's Deli Restaurant"

 2) Upon information and belief, Individual Defendants Angel Gillan and Dina E. Hernandez

serve as owners, managers, principles, or agents of Defendants ESKO DELI CORP., and through the corporate entity operates or operated the company as a joint or unified enterprise.

3) Plaintiff was an employee of the Defendants. She was primarily employed as a cashier but later was assigned more tasks such as making coffee, sandwiches, and drinks, sometimes working in the grill, taking phone orders, and packing orders for delivery.

4) Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that she worked. Defendants failed to pay Plaintiff appropriately for any hours worked over 40 hours and paid her at straight time, which is against the appropriate Labor Laws.

5) Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees.  At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

6) Plaintiff now brings this action on behalf of herself, for unpaid overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§ 201 *et seq*.("FLSA"), and for violations of the N.Y Lab.Law §§ 190 *et seq*.and 650 *et seq.*(the "NYLL"), and overtime wage orders of the New York Commission of Labor codified at N.Y.COMP.CODES R.& REGS.tit.12, § 142-2.4 (2006), including applicable liquidated damages, interest, attorneys' fees, and costs.

7) Plaintiff seeks certification of this action as an individual action on behalf of herself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

8) This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28

U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question). Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C.§ 1367(a).

9) Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

10) Defendants maintain their company headquarters and offices within this district, and Defendants operate one company located in this district. Further, Plaintiff was employed by Defendants in this District.

## PARTIES

*Plaintiff*

11) Plaintiff Maryori Parra ("Plaintiff Parra") is an adult individual residing in Queens, New York. Plaintiff Parra was employed by the Defendants from approximately on or about October 25, 2019, until September 2022.

*Defendants*

12) Defendants own, operate, or control a company located at 5000 Grand Ave Ste 13 Maspeth, NY 11378, under the name of ESKO DELI CORP. (DBA Angelo's Deli Restaurant), at all times relevant to this complaint.

13) Upon information and belief, ESKO DELI CORP., is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 5000 Grand Ave Ste 13 Maspeth, NY 11378.

14) Upon information and belief, Defendants Angel Gillan and Dina E. Hernandez are individual engaging (or who were engaged) in business with this district during the relevant time. Defendants are sued individually in their capacity as owners, officers and/or agents of the Defendant Corporation.

Defendants Angel Gillan and Dina E. Hernandez possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendants Angel Gillan and Dina E. Hernandez determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

15) Defendants operate a restaurant in Queens, New York.

16) Defendants maintain as their principal place of business a centralized restaurant located at at 5000 Grand Ave Ste 13 Maspeth, NY 11378. Individuals Angel Gillan and Dina E. Hernandez possess or possess operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

17) Upon information and belief, Defendants Angel Gillan and Dina E. Hernandez serve or served as Chairperson and/or as Chief Executive Officer of Defendant Corporation.

18) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19) Defendants possess or possessed substantial control over Plaintiff working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff referred to herein.

20) Defendants jointly employed the Plaintiff, and are Plaintiff employers within the meaning of 29 U.S.C.201 *et seq*. and the New York Labor Law.

21) In the alternative, the Defendants constitute a single employer of the Plaintiff.

22) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of her employment and determine the rate and method of any compensation in exchange for Plaintiff's services.

23) In each year from 2017 to the present, the Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that is separately stated).

24) In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce.

*Plaintiff Maryori Parra*

25) Plaintiff Parra worked for Defendants from on or about October 25, 2019, until September 15th, 2022.

26) Plaintiff worked (8) eight hours per day, (5) five days per week, and every other Saturday. On the weeks when she worked Saturdays, she worked a total of (50) fifty hours per week.

27) Plaintiff Parra was paid $13.50 per hour in cash, which fell below the minimum wage required in New York, which was $15.00 at all times relevant to this complaint.

28) Plaintiff did not receive time and half for the weeks in which she worked over (40) forty hours per week.

29) Plaintiff received $15 in tips per day.

30) Plaintiff Para was not required to punch in or out.

31) Plaintiff Parra regularly handled goods in interstate commerce and other items produced outside of the State of New York.

32) Plaintiff Parra's work duties required neither discretion nor independent judgment.

33) Plaintiff Parra worked in excess of 40 hours per week without appropriate overtime

compensation from the beginning and until the end of her employment with Defendants.

34) No notification, either in the form of posted notices, or other means, were ever given to Plaintiff Parra regarding overtime and wages as required under the FLSA and NYLL.

35) Defendants did not provide Plaintiff Parra with each payment of wages accurate statement of wages, as required by NYLL 195(3).

36) Defendants never provided Plaintiff with a written notice, in English and in Spanish (Plaintiff Parra primary language), of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

37) At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours per week without paying her appropriate overtime compensation, as required by federal and state laws. Defendants' pay practices resulted in Plaintiff not receiving payments for all her hours worked, resulting in Plaintiff effective rate of pay falling below the required overtime wage rate.

38) Plaintiff has been victim of Defendants' common policy and practices violating her rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she had worked.

    a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

    b. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

    c. Upon information and belief, this was done to disguise the actual number of hours

Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due.

d. Defendants did not provide Plaintiff with any document or other statement accurately accounting for her actual hours worked and setting forth rate of overtime wage.

## FLSA INDIVIDUAL ACTION CLAIMS

39) Plaintiff brings her FLSA overtime, and liquidated damages claims as an individual action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of herself.

40) At all relevant times, Plaintiff, has been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay her the required overtime and willfully failing to keep records required by the FLSA.

## FIRST CAUSE OF ACTION
**(Violation of the Overtime Provisions of the FLSA)**

41) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

42) Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

43) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C.§ 255(a).

44) Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of the Overtime Provisions of the New York Labor Law)**

45) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46) Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning

of N.Y.Lab.Law § 663.

48) Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

49) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50) Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

51) Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

52) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53) Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout her employment listing, *inter alia*, all her regular and overtime hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

54) Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

a. Designating this action as an individual action and authorizing prompt issuance of notice pursuant to 29 U.S.C.§ 216(b);

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e. Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

g. Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

h. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

i. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

  k. All such other and further relief as the Court deems just and proper.

  l. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of her respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

  m. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

  n. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  o. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

  p. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
January 20, 2023

By: 
Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417

*Attorneys for Plaintiff*